IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN ADMIRALTY

| | |
|---|---|
| GLOBAL MARINE EXPLORATION, INC., | |
|     Plaintiff, | CIVIL ACTION |
| v. | CASE NO. 6:16-CV-1742-ORL-18-KRS |
| THE UNIDENTIFIED WRECK AND (FOR FINDERS RIGHT PURPOSES) ABANDONED SAILING VESSEL, If any, its apparel, tackle, appurtenances and cargo located within an area enclosed by a line running from $28.558002^0 – 80.509884^0$ to $28.520537^0 – 80.557306^0$ to $28.467799^0 – 80.469405^0$ and returning to $28.473599^0 – 80.532415^0$ | |
|     *In rem*, Defendant(s). | |

_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF THE STATE OF FLORIDA**

The State of Florida hereby answers the complaint filed in this case and denies that the plaintiff is entitled to any relief:

**ADMISSIONS AND DENIALS**

The State of Florida responds to the specific allegations contained in the

1

numbered paragraphs as follows:[1]

I. <u>THE PARTIES</u>

1. Without knowledge of Global Marine Exploration's ("GME") corporate pedigree, so denied; admitted it is in the business as described.

2. Admitted that the Defendant Site is within three miles of the mean high water mark of the Atlantic Ocean and located within the sovereign submerged lands of the State of Florida and that the site contains ancient marine artifacts; denied that the origin of the artifacts and/or wreckage is unknown.

II. <u>JURISDICTION AND VENUE</u>

3. Denied.  Under the Foreign Sovereign Immunities Act, the Sunken Military Craft Act and/or the Abandoned Shipwreck Act, this court lacks jurisdiction over the *res* and GME is barred from recovering any if the awards it seeks.

4. Admitted that, if there is jurisdiction, this Court is a proper choice of venue.  Otherwise denied.

III. <u>FACTS</u>

5. Admitted that GME discovered the Defendant Site.  Although admitted that GME initially was granted an Exploration Permit modified to allow for limited test excavation at the Defendant Site, GME violated the terms of the permit and said permit was revoked by the State of Florida. Without knowledge as to the actions and efforts of previous owners, parties and entities and any previous attempts to salvage the Defendant Site, if any, so denied. Admitted that the Defendant Site location is generally described by GME.  The rest of paragraph 5 is denied in its entirety.  It is specifically denied that the Defendant Vessel is not embedded within the submerged land of the State of Florida.

---

[1] For convenience and ease of reference only, the State of Florida uses the section headings and paragraph numbering used in the complaint.

6.  Admitted that the value of the Defendant Site and Vessel cannot be estimated at this time. Otherwise without knowledge and therefore denied.

7.  Denied. GME's permit has been revoked and GME cannot lawfully conduct operations at the Defendant Site. Denied that GME has developed or implemented appropriate archaeological protocols.

8.  Without knowledge as to GME's intentions as described in paragraph 8, and therefore denied. The actions of this Court speak for themselves. Otherwise denied. It is specifically denied that GME's survey and recovery operation has been conducted in accordance "with all appropriate archaeological protocols …"

9.  Admitted that GME has documented some of the area and work performed by GME and denied that GME has complied with appropriate archaeological protocols and State of Florida requirements concerning activities at or concerning the Defendant Site.

10. Denied that GME has the present authority to continue working the site. Without knowledge as to all other allegations, and therefore denied.

11. Admitted that artifacts at the Defendant Site are from the "1550 to 1650 time period;" otherwise denied.

12. Admitted that dynamic forces, both natural and manmade, can impact debris from a shipwreck. Denied that the site is in marine peril, other than as described State of Florida's response in paragraph 13, and that any of the circumstances referred to provide support for any award in GME's favor. Otherwise without knowledge and therefore denied.

13. Denied that the Defendant Site is in marine peril for purposes of any salvage award. Any current marine peril to the Defendant Site has been caused by GMC's actions at the Site and GME's publication of information about the Site, including its location.

14. Denied that GME has sufficiently described and limited the Defendant Site. The Republic of France has made a claim of ownership of the Defendant Vessel. If the *res* does not belong to the Republic of France, then as an abandoned shipwreck embedded in the sovereign lands of the State of Florida, the *res* is the property of the State of Florida pursuant to the Abandoned Shipwreck Act. Otherwise denied.

15. The Republic of France has made a claim of ownership of the Defendant Vessel. If the *res* does not belong to the Republic of France, then as an abandoned shipwreck embedded in the sovereign submerged lands of the State of Florida, the *res* is the property of the State of Florida pursuant to the Abandoned Shipwreck Act. Otherwise without knowledge.

PLAINTIFF'S CLAIMS

Count I:

The State of Florida restates its responses to paragraphs 1 through 15 as if fully stated herein.

16. Denied.

17. Denied.

Count II:

The State of Florida restates its responses to paragraphs 1 through 17 as if fully stated herein.

18. Denied.

19. Denied.

20. Denied.

Count III:

The State of Florida restates its responses to paragraphs 1 through 20 as if fully stated herein.

21. Denied.

22. The Defendant Site location is sovereign submerged land of the State of Florida and is referred to by GME as the "Salvage Area." The Defendant vessel is embedded in the sovereign submerged land of the State of Florida, otherwise denied.

23. Denied.

Count IV:

The State of Florida restates its responses to paragraphs 1 through 23 as if fully stated herein.

24. Denied.

25. Denied.

26. Admitted that such an injunction should be entered but in favor of Claimant Republic of France and/or Claimant State of Florida, not the Plaintiff.

The State of Florida denies that Plaintiff is entitled to any relief in this matter.

**AFFIRMATIVE DEFENSES**

1. This Court lacks subject matter jurisdiction and GME is barred from recovering any of the awards it seeks under the Foreign Sovereign Immunities Act and the Sunken Military Craft Act as the Defendant Vessel represents the

wreckage of sovereign military vessels of the Republic of France and apparel, tackle, appurtenances, cargo and remains and personal effects of citizens of France who perished in the service of France.

2. This court lacks subject matter jurisdiction under the Abandoned Shipwreck Act because, if the court denies the claim of the Republic of France, then the site contains an abandoned shipwreck embedded in the sovereign lands of the State of Florida over which there is no Admiralty jurisdiction.

3. Any salvage award or other award in favor of GME is barred by its unlawful conduct, damage to and endangerment of the Site and the Defendant Vessel, failure to comply with appropriate archaeological protocols and State of Florida permit requirements, and other failures to exercise due care.

4. Any salvage or other award in favor of GME is further barred by its unclean hands and misconduct, including misrepresentations, omissions and bad faith conduct prior to and in the conduct of in this case.

5. Any salvage award in favor of GME is barred because both the Republic of France and the State of Florida, the only possible owners of the Defendant Vessel, have rejected any salvage by GME.

[*signature lines on next page*]

Respectfully submitted this 2nd day of May, 2017.

        PAMELA J. BONDI
        ATTORNEY GENERAL

        */s/ Jonathan A. Glogau*
        Jonathan A. Glogau
        Special Counsel
        Fla. Bar No. 371823
        PL-01, The Capitol
        Tallahassee, FL 32399-1050
        (950) 414-3300
        jon.glogau@myfloridalegal.com

        *Counsel for The State of Florida*

        */s/ David A. Fugett*
        DAVID A. FUGETT (FBN 835935)
        *General Counsel*
        david.fugett@dos.myflorida.com
        FLORIDA DEPARTMENT OF STATE
        R.A. Gray Building, Suite 100
        500 South Bronough Street
        Tallahassee, Florida 32399-0250
        Phone: (850) 245-6536
        Fax: (850) 245-6127
        *Counsel for the Florida Department of State*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that, pursuant to M.D. Fla. Loc. R. 5.1(F), each party on whom this document is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing on this 2nd day of May, 2017.

        */s/ Jonathan A. Glogau*
        ATTORNEY